IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LAWRENCE WARNER, | C.A. No. 08-55 Erie |
| Plaintiff, | District Judge McLaughlin |
| v. | Chief Magistrate Judge Baxter |
| CATHERINE MCVEY, et al., | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or alternatively, for judgment on the pleadings, filed by the Department of Corrections Defendants [Document # 27] be denied.

**II.    REPORT**

**A.    Relevant Procedural History**

On February 20, 2008, Plaintiff Richard Lawrence Warner, represented by counsel, filed this civil rights action claiming that Defendants Catherine McVey, Pennsylvania Board of Probation and Parole, Patricia Lightner, James Williams, Audrey Smith, Ann Ludwig, Chris Laythe, and Mike Boyd[1] are violating his constitutional rights by classifying him as a sexual

---

[1] Defendants McVey, Board of Probation & Parole, Lightner, Williams and Boyd (hereinafter, "Department of Corrections Defendants") are employees of the Commonwealth of Pennsylvania and are represented by the Pennsylvania Attorney General's Office. Defendants Smith, Ludwig, and Laythe (hereinafter, the "CART Defendants") are employees of the "Community Area Response Team" or CART and have been voluntarily dismissed from this action.

1

offender. Plaintiff brings the action pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and generally alleges that his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights have been violated by Defendants. In the complaint, Plaintiff seeks permanent injunctive and declaratory relief in that this Court:

1. [issue] an injunction restraining the Defendants from imposing conditions of probation during the time that there has been no conclusion from Iowa about this being deemed a sexual offender as that matter is under appeal.

2. That the regulations and practices of the Defendant Pennsylvania Board of Probation and Parole pertains to its implementation of the Interstate Compact and as applied to this Plaintiff as a sexual offender by its Article One, Section 26 of the Pennsylvania Constitution and by Section One of the Fourteenth Amendment of the United States Constitution.

3. Costs and attorney fees pursuant to Section 1988 of Title 42 of the United States Code.

4. Such other and further relief as the Court deems just and proper.

5. This Court to retain jurisdiction.

Document # 1, Complaint, at 10 (verbatim).

On April 10, 2008, Plaintiff filed a motion for temporary restraining order. Document # 8. Following a hearing on the motion, this Magistrate Judge recommended that the request for temporary restraining order be denied (document # 22) and U.S. District Judge McLaughlin adopted the Report and Recommendation as the opinion of the Court (document # 26).

Thereafter, the Commonwealth Defendants filed a motion to dismiss for lack of subject matter jurisdiction or alternatively a motion for judgment on the pleadings [document # 27] and Plaintiff has filed a brief in opposition [document # 29]. The issues have been fully briefed and are ripe for disposition by this Court.

**B.      Standards of Review**

**1.      Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v.

United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544 , ___, 127 S.Ct. 1955, 1964-66 (2007).

However, when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself either it has power to hear the case" Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000). No "presumptive truthfulness attaches to plaintiff's allegations." Id. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.

### 2. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6). Graham v. Hoffer, 2008 WL 4570667, at * 4 (M.D.Pa. 2008) citing Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991).

The Federal Rules of Civil Procedure provide that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled

to relief. Fed.R.Civ.P. 8(a). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead

4

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### C. Factual History

Around August of 2005, Plaintiff was charged in Davis County, Iowa with one count of sexual abuse in the third degree, a Class C felony, and on September 16, 2005, an additional charge of practicing medicine without a license was levied against him. On December 1, 2006, Plaintiff pled guilty to the charge of practicing medicine without a license and, as part of the plea agreement, the charge of sexual abuse was dismissed.

On March 9, 2007, Plaintiff was sentenced to five years in prison with the term of incarceration suspended and he was placed on three years probation. Document # 27-2, page 4. Thereafter, on March 13, 2007, Plaintiff requested that his Iowa probation be transferred to his home state of Pennsylvania pursuant to the terms of the Interstate Compact. Document # 1, ¶ 23. Once Plaintiff's parole was transferred to Pennsylvania, he was labeled as a sex offender (for purposes of supervision only[2]) and directed to participate in the Sex Offender Program through CART. Plaintiff complains that he was not afforded a hearing as to this classification.

In April of 2007, in the underlying criminal case in Iowa, Plaintiff filed a motion for reconsideration of sentence in the sentencing court seeking relief from Pennsylvania's probationary requirements (specifically relief from the sex offender label). Plaintiff indicates that the issues presented to the sentencing court were:

> 1) was the district court incorrect in its ruling on December 19, 2006, denying Warner's request for a protective order to prevent the Department of Corrections (Iowa) from including a sexual history report as part of the presentence investigation even though Warner had not pled guilty to a crime that was in any way sexual in nature and in so ruling was Warner prejudiced due to the sentencing court's reliance on an improper and

---

[2] Plaintiff has stipulated that Megan's Law does not apply to the case at hand. See Document # 17, pages 6, 63.

5

>> prejudicial presence investigation?
>
> 2) Was the sentencing court incorrect in failing to order the Pennsylvania Department of Corrections to not require Warner to do a sexual evaluation, even though Warner had not pled guilty to a crime that was sexual in nature?

Document # 20, Plaintiff's post-hearing brief, page 2. In denying that motion, the sentencing court concluded:

> Under the Interstate Compact law, a receiving state supervises an offender in the manner determined by the receiving state and consistent with the supervision it provides similar offenders in that state. The sending state has sole authority to determine the duration of the supervision, either by way of the court's sentence, or by paroling authorities. The receiving state retains discretion as to the type of supervision it will provide. Consequently, there can be qualitative differences between the intensity of services that a sending state would have provided an offender and the services a receiving state will provide the offender under its own rules and laws.
>
> Although a court may, as a condition of probation, impose a special condition and require that that condition be meant [sic] in a receiving state, the receiving state can refuse to provide supervision if the conditions cannot be met.
>
> The transfer of an offender's supervision pursuant to an Interstate Compact does not act to deprive the sending state of jurisdiction over the offender. While the receiving state exercises jurisdiction over the offender for purposes of supervision, the sending state retains jurisdiction over the offender for purposes of probation or parole revocation.
>
> The court is sympathetic with Mr. Warner's predicament with the probationary authorities in the State of Pennsylvania. However, the court finds that the Judgment Entry filed March 9, 2007 should not be reconsidered, amended or changed as concerns the probationary supervision. Among other things:
>
>> a) appointment of a suitable resident of the state of Iowa to supervise Warner is not practical, would not be workable or effective;
>>
>> b) supervision by Iowa probationary authorities of Mr. Warner, as long as he is a resident of the state of Pennsylvania, would not be practical, and would not be workable or effective;
>>
>> c) although this court has declined to impose special terms and conditions of probation in the sentencing order the state of Pennsylvania is within its rights, under the provisions of the Interstate Compact, to supervise Warner pursuant to its own rules, law and regulations. An Iowa court cannot require otherwise;
>>
>> d) the court's Judgment Entry is intended to and will promote Warner's rehabilitation and the protection of the community. The terms of probation imposed by the court are not unreasonable or

arbitrary.

Document # 27-2, pages 3-9 (internal citations omitted). According to Defendants, Plaintiff has appealed this order (see document # 28, page 7), and this Court has not been informed of any resolution of that appeal.

### D.  The *Younger* Abstention Doctrine

Abstention is the sort of threshold inquiry that should be addressed before addressing Defendants' arguments for dismissal based upon lack of subject matter jurisdiction. See Tenet v. Doe, 544 U.S. 1, 6 n.4 (2005).

"In the landmark case of *Younger v. Harris* [401 U.S. 37 (1971)], the Supreme Court held that a federal court should abstain from interfering in a pending state court criminal proceeding when the moving party has an adequate remedy at law and when the state proceeding involves important state interests." Nernberg v. City of Pittsburgh, 50 F.Supp.2d 437, 440 (W.D.Pa. 1999) (internal citation added). "*Younger* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n., 457 U.S. 423, 431 (1982). However, a *Younger* abstention is only appropriate when "'(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. " Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. Oct. 16, 2008) quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989).

Here, presumably there are ongoing state proceedings as Plaintiff has appealed the denial of the reconsideration of sentence to the intermediate appellate court of Iowa.[3] The importance

---

[3] In the event that there are no ongoing state court proceedings, a *Younger* abstention is not appropriate. See Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) (When there are no pending state proceedings, *Younger* abstention is inappropriate.)

7

of the state interest involved is evident in that Iowa has a vital interest in the direct appeal of a criminal proceeding. So then, the first and second prongs of the test are satisfied.

However, the third prong cannot be satisfied so as to justify the abstention. The "...pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims ..." Middlesex, 457 U.S. at 432. In this case, it is not possible for Plaintiff to raise the constitutional claims of this federal case in the state of Iowa as the Iowa state courts would not have jurisdiction over the alleged constitutional violations by these Pennsylvania Defendants. While it is possible that Plaintiff may raise constitutional claims in the direct appeal of his criminal case, those constitutional claims are not the same as the constitutional claims he brings against these Pennsylvania Defendants in this federal Court.

Abstention is inappropriate in this case and the motion to dismiss should be denied in this regard.

### E. The *Rooker Feldman* Doctrine
#### 1) Legal Standard

Defendants argue that this case should be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claim.

As an initial matter, this Court notes that it is under "a continuing obligation to examine [its] jurisdiction." Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) quoting Smith v. Evans, 853 F.2d 155, 157 (3d Cir.1988). See also Matusow, 545 F.3d at 248 quoting Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("[T]he federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'").

The *Rooker-Feldman* doctrine is derived from 28 U.S.C. § 1257 and the understanding that "a United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in the [United States Supreme]

Court." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).[4] The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).[5] See also Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and Feldman, 460 U.S. 462. "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Marran v. Marran, 2003 WL 21448868, at * 8 (E.D.Pa. 2003) quoting Logan v. Lillie, 965 F.Supp. 695, 695 (E.D. Pa. 1997).

Following the Supreme Court's decision in Exxon Mobil, the Third Circuit explained that the doctrine

> bars the lower federal courts 'from entertaining an action... if the relief requested effectively would reverse a state court decision or void its ruling. Accordingly, the *Rooker-Feldman* doctrine creates a jurisdictional bar where the federal claim was 'actually litigated' in state court or where the federal claim is 'inextricably intertwined' with a previous state-court judgment.

Gordon v. East Goshen Township, 2009 WL 69878 (E.D. Pa. Jan. 13, 2009) quoting Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

---

[4] See also Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) ("Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions.").

[5] " *Rooker-Feldman* should not be conflated with preclusion law, and it 'does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state court actions." Church of the Universal Brotherhood, Confluent Branch No. 33478 v. Farmington Township Supervisors, 296 Fed.Appx. 285, 290 (3d Cir. Oct. 20, 2008) quoting Exxon Mobil, 544 U.S. at 284.

9

### 2) The analysis on the motion for injunctive relief

Shortly after instituting this federal civil rights action, Plaintiff filed a motion for temporary restraining order. In support of that motion for immediate injunctive relief, Plaintiff argued that

> "this temporary restraining order is necessary to prevent the Defendants [...] from irreparably doing harm to a man by classifying him as a sexual offender thus embarrassing, disgracing, and exacerbating both his health and his wife's health in compelling participation in a program for sex offenders when the precedential conviction in Iowa was for a non-sex related offense."

Document # 9, page 1. Counsel for Plaintiff did not include a proposed order detailing the specifics of the requested relief. However, in Plaintiff's hearing testimony, Plaintiff stated that he "should have the right to travel to do [his] work. And I also want relief from being sent to any sex offender treatment where I'm constantly being asked, under threat of going to jail, to admit to a crime from which I was not prosecuted. That is to say, a sexual crime." Document # 17, pages 60, 61.

Following the hearing and post-hearing briefing, the undersigned issued a Report and Recommendation recommending the denial of the motion for injunctive relief because Plaintiff had little likelihood of success on the merits[6] based upon the *Rooker-Feldman* doctrine.

---

[6] In making a determination on a motion for preliminary injunctive relief, the district court must consider:

> (1) the reasonable likelihood of success on the merits;
> (2) the extent of irreparable injury to the movant from the alleged misconduct;
> (3) the extent of harm to the non-movant; and
> (4) the effect on public interest.

Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). Initially, it is the movant's burden to demonstrate both: (1) that he is reasonably likely to succeed on the merits and (2) that he is likely to experience irreparable harm without the injunction. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir.2000). If both of these factors are shown, the effect on the nonmoving parties and the public interest (the third and fourth prongs) may be considered by the court. Id. at 484. However, if the record does not support a finding of both

Specifically, I found: "as part of the underlying criminal proceeding in the state court Plaintiff sought (and continues to seek through the appellate process ) relief from the sex offender label. In the present case, Plaintiff seeks the identical relief.  Because the relief sought is the same, this proceeding is inextricably intertwined with the proceedings in the Iowa state courts and will likely be dismissed for lack of subject matter jurisdiction." Document # 22, page 7.

### 3) The present motion to dismiss

In the face of the present pending dispositive motion, the Court's review and inquiry are different.

It is still the case that, as part of the underlying criminal proceeding in the Iowa court, Plaintiff seeks relief from the sex offender label in his appeal of the denial of his motion for reconsideration of sentence.  It is also true that as the complaint is pled in this federal civil rights action, Plaintiff seeks some of the same relief here.  It is possible, therefore, that some of the present federal claims are intertwined with the ongoing criminal appeal in Iowa; however, they are not **inextricably** intertwined because Plaintiff is alleging that various constitutional rights have been violated by Pennsylvania Defendants and these are not claims that were (or could have been) brought in the state courts of Iowa.

Further, the *Rooker-Feldman* doctrine cannot be used as a jurisdictional shield by litigants who were not party to the underlying state court proceeding.  The doctrine "applies only in limited circumstances where a **party** in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466 (2006) quoting Exxon Mobil, 544 U.S. at 291.  Defendants here were not party to the underlying criminal matter in Iowa, and so the *Rooker-Feldman* doctrine is inapplicable to this case.

Accordingly, the motion to dismiss should be denied.

---

irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended the motion to dismiss or alternatively, for judgment on the pleadings, filed by the Department of Corrections Defendants [Document # 27] should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. No extensions of time will be granted. Failure to timely file objections may constitute a waiver of appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge


Dated: February 27, 2009